UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA



FILED
NOV 19 2003
TERESA L. DEPPNER, CLERK
U.S. District & Bankruptcy Courts
Southern District of West Virginia

TROY C. SPEARS                    #18569

_(Enter above the full name of the plaintiff_   _(Inmate Reg.# of each Plaintiff)_
_or plaintiffs in this action)._

**VERSUS**                       CIVIL ACTION NO. 5:03-2370
                                 _(Number to be assigned by Court)_

Thomas McBride

Jim Rubenstein

_(Enter above the full name of the defendant_
_or defendants in this action)._

## COMPLAINT

I.  **Previous Lawsuits**

   A.  Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to your imprisonment?

       Yes ___     No ✓

1

B. If your answer to A is yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline).

1. Parties to this previous lawsuit

   Plaintiffs: _None_

   Defendants: _None_

2. Court (if federal court, name the district; if state court, name the county):

   _None_

3. Docket Number: _None_

4. Name of judge to whom case was assigned:

   _None_

5. Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?)

   _None_

6. Approximate date of filing lawsuit: _None_

7. Approximate date of disposition: _None_

II. **Place of Present Confinement:** Mount Olive Correctional Comple

    A. Is there a prisoner grievance procedure in this institution?

        Yes ✓        No ____

    B. Did you present the facts relating to your complaint in the state prisoner grievance procedure?

        Yes ✓        No ____

    C. If your answer is YES:

        1. What steps did you take? Appealed to the Warden And Comissioner

        2. What was the result? Denied

    D. If your answer is NO, explain why not: ____

III. **Parties**

(In item A below, place your name and inmate registration number in the first blank and place your present address in the second blank. Do the same for additional plaintiffs, if any.)

    A. Name of Plaintiff: Troy C. Spears #18569

       Address: 1 Mountainside Way

    B. Additional Plaintiffs and Address: None

(In item C below, place the full name of the defendant in the first blank, his/her official position in the second blank, and his/her place of employment in the third blank. Use item D for the names, positions, and places of employment of any additional defendants.)

C. Defendant Thomas McBride

is employed as WARDEN

at Mount Olive Correctional Complex

D. Additional defendants: Jim Rubenstein, is employed as Comissioner at/for Division of Corrections

## IV. Statement of Claim

State here as briefly as possible the facts of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheet if necessary).

In Sept.1999 I was ordered to pay $1,487.00 for a damaged sink. I appealed the decision to Thomas McBride, Warden, and he denied it. I then appealed his decision to Jim Rubenstein and he denied it, by relying on facts that was not properly explained. (Please see attached documents)

4

## IV. Statement of Claim (continued):

## V. RELIEF

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

I Ask the Court to stop the Restitution, and All money taken from me to be Returned.

## V. Relief (continued)

_____
_____
_____
_____
_____

## VII. Counsel

A. If someone other than a lawyer is assisting you in preparing this case, state the person's name:

NONE

B. Have you made any effort to contact a private lawyer to determine if he or she would represent you in this civil action?

Yes _____   No ✓

If so, state the name(s) and address(es) of each lawyer contacted:

NONE

If not, state your reasons: Don't know how or who to write too.

C. Have you previously had a lawyer representing you in a civil action in this court?

Yes _____   No ✓

6

If so, state the lawyer's name and address:

NONE

Signed this 13 day of November, 2003

*Ivory C. Spears*

Signature of Plaintiff or Plaintiffs

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 13 Nov, 2003
(Date)

*Ivory C. Spears*
Signature of Movant/Plaintiff

Signature of Attorney
(if any)

TO: Mr. Thomas L. McBride, Warden

FR: Troy C. Spears, #18569

DATE: July 28, 2003

RE: Restitution Issue - No. 99-1300-A

**RECEIVED**
**AUG 1 4 2003**
**WARDENS OFFICE**

    In September, 1999, Mr. Arthur Adkins, correctional magistrate, ordered me to pay restitution in the amount of $1,489.11, in the above-referenced case. The restitution purportedly was for damage to a sink. Since then, or nearly four years, I have only been able to pay about $230.00, thus I still owe approximately $1,250.00. If you will, and I request pursuant to applicable policy, forgive the remaining restitution debt owed in this case. (NC-99-1300-A) In support, please consider the following.

    Policy Directive #325.00, Section 5.04(c) states:

    "In <u>no event</u>, however, shall restitution be ordered unless the amount is reasonable and the Magistrate makes a determination of the inmate's ability to pay such amount without undue hardship on themselves or their dependents." (Emphasis Supplied)

    In retrospect, it is evident the "amount is unreasonable." In hindsight, it is clear that I do not have the "ability to pay" as required by policy. Finally, you can determine from the records that this financial demand poses an extremely "undue hardship" on me and my dependents. For these three reason, I respectfully ask you to forego payment of the remaining portion of the restitution.

    Just to make a point of the unreasonableness, inability to pay and undue hardship, considering that it has taken me almost four (4) years to pay about $230.00 or one-sixth of the total. At that rate it will take me another twenty (20) years to pay off the remaining $1,250.00. You, no doubt, have authority to grant this request even without the authority provided by policy which I rely on above.

    If you have any questions regarding this request, please contact me. I would be happy to clarify any unclear matters concerning this restitution issue. Thank you, in advance, for your anticipated response.

                                                */s/ Troy C. Spears*
                                                  Troy C. Spears
                                                  #18569

cc: file

MOUNT OLIVE CORRECTIONAL COMPLEX
ONE MOUNTAINSIDE WAY
MT. OLIVE, WV 25185

MEMO

TO: TROY SPEARS, DOC #18569

FROM: THOMAS McBRIDE, WARDEN

DATE: 02 SEPTEMBER 2003

RE: REQUEST


mailed SEP 0 8 2003

Mr. Spears, you have alleged that restitution you have been ordered to pay is "unreasonable" and that you "do not have the ability to pay" and it results in an "undue hardship" to you. You are misrepresenting the facts.

I have reviewed your regular spending account and the following was found:

- Since August 2000, approximately $734.00 has been deposited into your account.
- Since September 2000, approximately $220.00 for restitution has been deducted from your account.
- Since September 2000, you have spent approximately $461.00 at the Exchange.
- Since September 2000, you have spent approximately $53.00 for court fees and postage.

According to my calculations, you have certainly not been ordered to pay an "unreasonable amount" for restitution. You have and continue to have the "ability to pay" the ordered restitution and it <u>does not</u> place you in "undue hardship."

Your request is denied.

1

If you are not satisfied with my response to your grievance, you may submit an appeal to the Commissioner of the Division of Corrections within five working days after receiving this reply. The address is as follows:

James Rubenstein, Commissioner
Division of Corrections
112 California Avenue
Building 4, Room 300
Charleston, WV 25305


TM/cp

CC: Unit Team QII
    Records
    File: Spears

1 of 3

To: James Rubenstein, Comissioner
D.O.C.

From: Troy C. Spears #18569
Q-2 Cell #707

Date: Sept-12-2003

Re: Appeal of Response from G-2 for Appeal on Magistrate Order to Pay Restitution
Restitution Issue - No. 99-1300-A

Mr. Rubenstein,

In Sept, 1999, Mr. Arthur Adkins, correctional magistrate, ordered me to pay restitution in the amount of $1,489.11 in the above referenced case. The restitution purportedly was for damage to a sink. Since then, or nearly four years, I have only been able to pay about $220.00, thus I still owe approx. $1,260.00. If you will, and I request pursuant to applicable policy, forgive the remaining restitution debt owed in this case (MC-99-1300-A). In support, please consider the following.

Policy Directive #325.00, Sec.5.06(c) states:

"In no event, however, shall restitution be ordered unless the amount is reasonable

and the Magistrate makes a determination of the inmate's ability to pay such amount without undue hardship on themselves or their dependents." (Emphasis Supplied)

In retrospect, it is evident the "amount is unreasonable." In hindsight, it is clear that I do not have the "ability to pay" as required by policy. Finally, you can determine from the records that this financial demand poses an extremely "undue hardship" on me and my dependents. For these three reason, I respectfully ask you to forego payment of the remaining portion of the restitution. Just to make a point of the unreasonableness, inability to pay and undue hardship, considering that it has taken me almost (4) years to pay about $220.00, or ⅙ of the total. At that rate it will take me another (20) years to pay off the remaining $1,260.00. You, no doubt, have authority to grant this request even without the authority provided by policy which I rely on above. If you have any questions regarding this request, please contact me. I would be happy to clarify any unclear matters concerning this restitution issue. Thank you, in advance, for your anticipated response. I have

you for your time on this matter.

Thank You

*Troy C Spears*

TROY C. SPEARS

TROY C. SPEARS
MOCC # 18569
1 Mountainside Way
Mt. Olive, W VA
25185

cc: file



**STATE OF WEST VIRGINIA**
**DEPARTMENT OF MILITARY AFFAIRS & PUBLIC SAFETY**
**DIVISION OF CORRECTIONS**



| BOB WISE | JIM RUBENSTEIN | JOE MARTIN |
|---|---|---|
| GOVERNOR | COMMISSIONER | SECRETARY |

OFFICE OF THE COMMISSIONER
112 CALIFORNIA AVENUE-STATE CAPITOL COMPLEX
BUILDING 4, ROOM 300
CHARLESTON, WV 25305-0280
(304) 558-2036 Telephone - (304) 558-5934 Fax

RECEIVED
OCT 0 6 2003
WARDENS OFFICE

# MEMORANDUM

**TO:** Troy Spears, DOC #18569
Mount Olive Correctional Complex

**THRU:** Warden Thomas McBride

**FROM:** Jim Rubenstein, Commissioner by
Beverly Gandee, Senior Inmate
Grievance Coordinator

**DATE:** October 1, 2003

**RE:** Request - Inability To Pay Ordered Restitution

MAILED ON
OCT 0 8 2003
Warden's Office

    This inmate is requesting relief from the Division of Corrections regarding ordered restitution relating to an institutional rule violation that occurred in September of 1999. This inmate states that he does not have the ability to pay this ordered restitution and that it creates an undue hardship for him.

    Please be advised that you received a clear, concise and correct response to your request from Warden Thomas McBride on September 2, 2003. The Commissioner can find no cause to defer from the Warden's response. Therefore, your request for relief is denied.

BCG
Cc: Jim Rubenstein, Commissioner
Central Records

CC: Maj.
Rec.
Clas.
␣␣␣
File

*We are an Affirmative Action Employer*